Filed 6/27/22  P. v. Abernathy CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIQ RAY ABERNATHY,<br><br>Defendant and Appellant. | F082964<br><br>(Super. Ct. No. F21902193)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. James A. Kelley, Judge.

Joshua G. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Amanda D. Cary and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Meehan, J.

Defendant Eriq Ray Abernathy contends on appeal that his $296 presentence report fee must be vacated because Assembly Bill 1869's (2019−2022) (Assembly Bill 1869) amendment to Penal Code section 1203.1b[1] must be applied to his case. We vacate the portion of the judgment requiring payment of fees pursuant to former section 1203.1b. We affirm in all other respects.

## PROCEDURAL SUMMARY

On March 16, 2021, the Fresno County District Attorney filed a complaint charging defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1); carrying a loaded firearm in public (§ 25850, subd. (a); count 2); carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count 3); and possession of ammunition by a person prohibited from owning a firearm (§ 30305, subd. (a)(1); count 4). It was further alleged in count 2 that defendant had a prior robbery conviction (§§ 211, 25850, subd. (c)(1)) and was not the registered owner of the firearm capable of being concealed (§ 25850, subd. (c)(6)); and in count 3, that defendant was not the registered owner of the loaded firearm (§ 25400, subd. (c)(6)) and had a prior robbery conviction (§§ 211, 25400, subd. (c)(1)). It was also alleged that defendant had a prior "strike" conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On March 26, 2021, pursuant to a plea agreement, defendant pled nolo contendere as to count 3, admitted the prior strike conviction and admitted that he was not the registered owner of the loaded firearm. The remaining counts were dismissed on the People's motion.

On April 27, 2021, the trial court granted a *Romero*[2] motion to strike defendant's prior strike conviction, sentenced defendant to a two-year term, and awarded defendant

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2.

89 days of presentence custody credit. The trial court imposed a $600 restitution fine (§ 1202.4), a $600 suspended parole revocation fine (§ 1202.45), a $40 court security fee, a $30 assessment, and a $296 presentence report fee (former § 1203.1b).

On June 23, 2021, defendant filed a notice of appeal.

## DISCUSSION[3]

Defendant contends any unpaid portion of his $296 presentence report fee must be vacated pursuant to the application of amended section 1203.1b. The People agree. We agree with the parties.

Operative July 1, 2021, Assembly Bill 1869 eliminated many fines, fees, and assessments that courts have imposed under a variety of statutes, including former section 1203.1b, previously allowing collection of report fees. (Stats. 2020, ch. 92, § 47.) Here, the parties agree, as do we, that any unpaid portion of the report fees ordered pursuant to former section 1203.1b are uncollectable and unenforceable as of July 1, 2021. (§ 1465.9, subd. (a); Gov. Code, § 6111, subd. (a).)

We therefore vacate the portion of the judgment requiring payment of fees pursuant to former section 1203.1b. Any portion of those fees not collected before July 1, 2021, is unenforceable and uncollectable.

## DISPOSITION

The portion of the judgment imposing fees pursuant to former section 1203.1b is vacated. In all other respects, we affirm.

---

**3**    Because defendant raises only sentencing issues, the facts underlying the offense are not relevant and are omitted from this opinion.

3.